1   Stuart M. Richter (SBN 126231)
    stuart.richter@kattenlaw.com
2   Greg S. Korman (SBN 216931)
    gregory.korman@kattenlaw.com
3   Courtnee A. Draper (SBN 298921)
    courtnee.draper@kattenlaw.com
4   KATTEN MUCHIN ROSENMAN LLP
    2029 Century Park East, Suite 2600
5   Los Angeles, CA 90067-3012
    Telephone:  310.788.4400
6   Facsimile:  310.788.4471

7   Attorneys for Defendant Allied Interstate, LLC

8                **United States District Court**

9                **Central District of California**

10

11  Annette Grind, individually and on        Case No. 2:15-CV-6642-MWF
    behalf of all others similarly situated,   (KLS)
12
                    Plaintiff,                 **Defendant Allied Interstate,**
13                                             **LLC's Notice of Motion and**
    vs.                                        **Motion to Dismiss the Complaint**
14                                             **or Strike the Class Allegations**
    Allied Interstate, LLC and DOES 1-20,
15                                             **[F.R.C.P. 12(b)(6) and F.R.C.P.**
                    Defendants.                **12(f)]**
16
                                               Date:  November 9, 2015
17                                             Time: 10:00 a.m.
                                               Dept: 1600
18
19                                             *Filed concurrently with [Proposed]*
                                               *Order*
20

21

22

23

24

25

26

27

28

---

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**To all parties and their counsel of record:**

Please take notice that on November 9, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald in Courtroom 1600 of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street, Los Angeles, CA 90012, Defendant Allied Interstate, LLC will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the complaint and each claim asserted therein by Plaintiff Annette Grind, or in the alternative, to strike the class allegations pursuant to Rule 12(f).

Dismissal is warranted because Plaintiff alleges conclusions, but no facts, sufficient to raise a plausible inference that Allied used an automatic telephone dialing system when placing debt-collection calls to Plaintiff's cellular telephone, and use of an ATDS is an essential element of Plaintiff's claim. Alternatively, the class allegations should be stricken because Plaintiff has pled an impermissible fail-safe class.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 21, 2015.

Dated:  October 7, 2015                    **KATTEN MUCHIN ROSENMAN LLP**


                                           By:  _____/s/Gregory S. Korman_____
                                                Attorneys for Defendant Allied
                                                Interstate, LLC

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   PERTINENT FACTS .................................................................................... 2

III.  ARGUMENT ................................................................................................ 3

    A.   Plaintiff's Complaint Should Be Dismissed Pursuant To Rule 12(b)(6) Because Plaintiff Has Failed To Plead Any Facts To Substantiate Her Bare Legal Conclusion That Allied Called Plaintiff Using An "Automatic Telephone Dialing System." .............. 3

        1.   The Rule 12(b)(6) standard requires Plaintiff to plead sufficient facts—not bare legal conclusions—to state a plausible claim for relief. .................................................................. 3

        2.   To state a TCPA claim, Plaintiff must plead factual allegations showing that Allied placed calls using an ATDS .......... 4

        3.   Plaintiff's failure to plead sufficient facts to raise a plausible inference that Allied used an automatic telephone dialing system warrants dismissal of Plaintiff's TCPA claims. ................. 5

        4.   Because Plaintiff has not pled *any* facts to plausibly show that Allied used an automatic telephone dialing system, the complaint should be dismissed under Rule 12(b)(6). ...................... 9

    B.   Alternatively, The Court Should Strike Plaintiff's Class Allegations Because She Pursues A Fail-Safe Class. ........................... 11

        1.   The Court may strike fail-safe class allegations at the pleading stage under Rule 12(f). ..................................................... 11

        2.   There is no question that Plaintiff's proposed class definition is impermissibly fail-safe. ............................................................... 14

IV.   CONCLUSION ............................................................................................ 15

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................... 3, 4, 10

*Baranski v. NCO Fin. Sys., Inc.*,
   No. 13 CV 6349, 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014)............................. 7

*Brailey v. F.H. Cann & Assocs., Inc.*,
   No. 6:14-0754, 2014 WL 7639909 (W.D. La. Dec. 5, 2014) ............................. 5, 7

*Connelly v. Hilton Grant Vacations Co., LLC*,
   No. 12CV599, 2012 WL 2129364 (S.D. Cal. June 11, 2012)................................. 9

*Daniel F. v. Blue Shield of California*,
   305 F.R.D. 115 (N.D. Cal. Aug. 11, 2014) ........................................................... 13

*Daniels v. ComUnity Lending, Inc.*,
   No. 13CV488–WQH–JMA, 2014 WL 51275 (S.D. Cal. Jan. 6, 2014),
   appeal dismissed (Feb. 26, 2014) ..................................................................... 8, 10

*Dodd-Owens v. Kyphon, Inc.*,
   No. C 06–3988, 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ....................... 2, 11, 13

*Flores v. Adir Int'l, LLC*,
   No. 15-00076-AB, 2015 WL 4340020 (C.D. Cal. July 15, 2015) ...................*passim*

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d. Cir. 2009) ................................................................................... 4

*Friedman v. Massage Envy Franchising, LLC*,
   No. 3:12-CV-02962-L-RBB, 2013 WL 3026641 (S.D. Cal. June 13,
   2013) ........................................................................................................... 6, 8, 9, 10

*Hanley v. Green Tree Servicing, LLC*,
   934 F. Supp. 2d 977 (N.D. Ill. 2013)...................................................................... 6

*Heffelfinger v. Elec. Data Sys. Corp.*,
   No. CV 07-00101, 2008 WL 8128621 (C.D. Cal. Jan. 7 2008)............................ 12

*Howard v. CVS Caremark Corp.*,
No. CV 13-04748, 2014 WL 7877404 (C.D. Cal. Dec. 9, 2014).....................12, 13

*Johansen v. Vivant, Inc.*,
No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012)..................................6

*Jones v. FMA Alliance Ltd.*,
978 F. Supp. 2d 84 (D. Mass. 2013)..........................................................................6

*Knutson v. Reply!, Inc.*,
No. 10-CV-1267, 2011 WL 291076 (S.D. Cal. Jan 27, 2011)..............................6, 8

*Marcus v. BMW of North Am. LLC*,
687 F.3d 583 (3d Cir. 2012) ...................................................................................14

*Martin v. Direct Wines, Inc.*,
No. 15 C 757, 2015 WL 4148704 (N.D. Ill. July 9, 2015)........................................7

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) .............................................................................2, 13

*Newton v. Am. Debt Servs., Inc.*,
No. C–11–3228, 2015 WL 3614197 (N.D. Cal. June 9, 2015)..............................12

*Oliver v. DirecTV, LLC*,
No. 14-CV-7794, 2015 WL 1727251 (N.D. Ill. Apr. 13, 2015) ..............................7

*Padilla v. Whetstone Partners, LLC*,
No. 14-21079-CIV, 2014 WL 3418490 (S.D. Fla. July 14, 2014)............................7

*Panacci v. A1 Solar Power, Inc.*,
No. 15–CV–00532–JCS, 2015 WL 3750112 (N.D. Cal. June 15,
2015) ..................................................................................................................11, 13

*Randleman v. Fid. Nat'l Title Ins. Co.*,
646 F.3d 347 (6th Cir. 2011) .................................................................................13

*Smith v. NCO Fin. Sys., Inc.*,
No. 2:14-CV-1650, 2015 WL 2185252 (E.D. Cal. May 8, 2015).......................6, 10

*Trumper v. GE Capital Retail Bank*,
No. 2:14-CV-01211, 2014 WL 7652994 (D.N.J. July 7, 2014)............................7, 8

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

iii

*Velasquez v. HSBC Fin. Corp.*,
    No. 08-4592, 2009 WL 112919 (N.D. Cal. Jan. 16, 2009) ..................................... 12

*Young v. Nationwide Mut. Ins. Co.*,
    693 F.3d 532 (6th Cir. 2012) ............................................................................... 13

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
    80 F. Supp. 3d 610 (E.D. Pa. 2015) .............................................................*passim*

**Statutes**

47 U.S.C. § 227 ..............................................................................................*passim*

47 U.S.C. § 227(a)(1) ............................................................................................ 5, 8

47 U.S.C. § 227(b)(1)(A) ........................................................................................ 4

**Rules**

Fed. R. Civ. Proc. 8 ......................................................................................... 1, 3, 9

Fed. R. Civ. Proc. 12(b)(6) ...........................................................................*passim*

Fed. R. Civ. Proc. 12(f) .................................................................................*passim*

Fed. R. Civ. Proc. 23 ...................................................................................... 11, 13

**Other Authorities**

5C Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. § 1382
    (3d ed. 2015) .................................................................................................... 11

**Katten**
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

## I.     INTRODUCTION

Plaintiff Annette Grind brings this proposed class action against Defendant Allied Interstate, LLC ("Allied") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* Plaintiff alleges that Allied violated the TCPA when it called her cellular telephone to collect a debt. To avoid dismissal Plaintiff has the burden of pleading facts sufficient to establish a plausible inference that Allied made those calls using an "automatic telephone dialing system" ("ATDS"), as that term is defined in the TCPA. Plaintiff has failed to do so. Instead, Plaintiff merely parrots the TCPA's statutory language and pleads the unsupported legal conclusion that Allied used an ATDS. This is fatal to her claims.

Applying the rationale articulated by the Supreme Court in *Twombly*, courts around the country increasingly dismiss TCPA claims that are similarly devoid of factual ATDS allegations before opening the doors to costly class discovery. They routinely hold that a plaintiff's formulaic assertion that the defendant used an ATDS, without specific factual allegations to plausibly support the conclusion, fails to cross Rule 8's pleading threshold and warrants dismissal of the claims under Rule 12(b)(6). The Court should follow this growing body of reasoned precedent and dismiss Plaintiff's complaint.

Alternatively, the Court should strike Plaintiff's class allegations pursuant to Rule 12(f) because Plaintiff proposes an impermissible "fail-safe" class. A fail-safe class is one defined by reference to the elements of the substantive claims. The Court thus cannot determine who is in the proposed class until liability is conclusively determined. Fail-safe classes are not permissible because (1) they make it impossible to determine at the outset who is or is not a class member, which is an ascertainability problem; and (2) they create a "one-way intervention" problem because people are class members only if the plaintiff prevails; if the defendant prevails, there is no class and there are no class members, so the

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

putative class members, unbound by res judicata, are free to pursue individual claims. As one court of appeals put it, a fail-safe class definition is improper because "a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

Courts for these reasons properly strike class allegations built on the shaky foundation of a fail-safe class definition. *Dodd-Owens v. Kyphon, Inc.*, No. C 06–3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (motion to strike granted in respect to defendant's argument that plaintiffs' class definition created an impermissible fail-safe class); *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625-26 (E.D. Pa. 2015) (striking fail-safe TCPA class allegations under Rule 12(f)).

## II.   PERTINENT FACTS

Allied provides accounts receivable, customer retention, and debt collection services to blue-chip companies from a wide range of industries. Plaintiff alleges Allied contacted her on her cellular telephone in an attempt to collect an outstanding debt she owed. Compl. ¶ 8. Plaintiff speculates—without any factual support—that Allied placed the calls using an "automatic telephone dialing system." *Id*. ¶ 11. Plaintiff does not deny that she at one time owed the debt.

On these allegations, Plaintiff asserts, on behalf of herself and a putative class, claims for "negligent" and "willful" violations of the TCPA. Plaintiff has defined the proposed class synonymous with the elements of her TCPA claims:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

1  *Id*. ¶ 15.

2  **III.   ARGUMENT**

3       Two material pleading deficiencies warrant judicial intervention. First,

4  Plaintiff has failed to plead sufficient facts to support her legal conclusion that

5  Allied used an ATDS when it allegedly called her cellular telephone. Due to this

6  failure, Plaintiff failed to adequately substantiate one of the necessary elements of

7  her TCPA claim as required under Rule 8. Second, Plaintiff's class definition

8  creates an impermissible fail-safe class, which runs afoul of a class action's

9  "ascertainability" requirement and risks subjecting Allied to "do over" lawsuits

10  by the *same* proposed class members should Allied succeed in defeating the

11  TCPA claims on the merits.

12       **A.   Plaintiff's Complaint Should Be Dismissed Pursuant To Rule**

13            **12(b)(6) Because Plaintiff Has Failed To Plead Any Facts To**

14            **Substantiate Her Bare Legal Conclusion That Allied Called**

15            **Plaintiff Using An "Automatic Telephone Dialing System."**

16            **1. The Rule 12(b)(6) standard requires Plaintiff to plead sufficient**

17               **facts—not bare legal conclusions—to state a plausible claim for**

18               **relief.**

19       A plaintiff is not permitted to proceed to discovery, especially expensive class

20  discovery, unless she avers sufficient facts to support each element of her claims—

21  bare legal conclusions are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

22  ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing

23  more than conclusions."). "[L]abels and conclusions or a formulaic recitation of the

24  elements of a cause of action will not do. Nor does a complaint suffice if it tenders

25  naked assertions devoid of further factual enhancement." *Id*. at 678 (internal

26  quotations, citation, and alteration omitted). A plaintiff must do more than merely

27  point to "a sheer possibility that a defendant has acted unlawfully." *Id*. "Plaintiff must

28  *allege facts* that, if true, would take his claims 'across the line from conceivable to

3

**Katten**
KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

plausible.'" *Flores v. Adir Int'l, LLC*, No. 15-00076-AB, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547) (emphasis added).

To determine whether a complaint satisfies this pleading standard, courts employ a two-part analysis: First, a district court must separate factual allegations from legal conclusions because, although well-pleaded *factual* allegations are accepted as true, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Second, after culling the legal conclusions, a district court must review the remaining factual allegations to determine whether they are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Significantly, "a complaint must do more than *allege* the plaintiff's entitlement to relief. A complaint has to '*show*' such an entitlement *with its facts*." *Fowler*, 578 F.3d at 211 (emphases added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)).

### 2. To state a TCPA claim, Plaintiff must plead factual allegations showing that Allied placed calls using an ATDS.

The TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular telephone. 47 U.S.C. § 227(b)(1)(A). A statutory, private right of action exists to redress violations of the TCPA. *Id*. at § 227(b)(3). To state such a claim, a plaintiff must plead facts demonstrating that: (1) defendant called plaintiff on a cellular telephone number, (2) using an automatic telephone dialing system or prerecorded voice, (3) without plaintiff's prior express consent. *Flores*, supra, 2015 WL 4340020, at *3.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

An "automatic telephone dialing system" is a defined as follows:

> The term "automatic telephone dialing system" means equipment which has the capacity—
>
> (A)   to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B)   to dial such numbers.

47 U.S.C. § 227(a)(1).

Thus, the use of an ATDS is an essential element of Plaintiff's claims. As discussed next, she failed to plead any facts to substantiate her bare legal conclusion that Allied used an ATDS to call her, necessitating dismissal.

### 3. Plaintiff's failure to plead sufficient facts to raise a plausible inference that Allied used an automatic telephone dialing system warrants dismissal of Plaintiff's TCPA claims.

Plaintiff attempts to state claims against Allied by merely parroting the statutory language, but she never alleges *any* facts that could raise a plausible inference that Allied used an ATDS. The vast majority of courts addressing this issue have determined that to adequately plead such a TCPA claim a plaintiff must do more than recite the legal conclusion that a defendant used an ATDS. Rather, to withstand a Rule 12(b)(6) motion, a plaintiff must plead *specific facts* sufficient to allow the court to plausibly conclude that a defendant actually used an automatic dialing system. A plaintiff's failure to do so warrants dismissal of her claims.

The rising tide of cases imposes this practical and *Twombly*-required pleading requirement. *See Brailey v. F.H. Cann & Assocs., Inc.*, No. 6:14-0754, 2014 WL 7639909, at *7-9 (W.D. La. Dec. 5, 2014) (Plaintiff "must do more than simply parrot the statutory language. [T]he vast majority of courts to have considered the issue have found that a bare allegation that defendant used an

ATDS is not enough. Such an allegation is a bare legal conclusion entitled to no weight.") (internal citations, quotation marks, and alterations omitted); *Flores*, supra, 2015 WL 4340020, at *6 (dismissing plaintiff's TCPA claims because plaintiff failed to plead sufficient facts to support his legal conclusion that defendant used an ATDS); *Friedman v. Massage Envy Franchising, LLC*, No. 3:12-CV-02962-L-RBB, 2013 WL 3026641, at *2-3 (S.D. Cal. June 13, 2013) ("Plaintiff's allegations [regarding use of an ATDS] are nothing more than a 'formulaic recitation of the elements of a cause of action,' and do nothing more than assert a speculation.") (*quoting Twombly, supra*, 550 U.S. at 555, 570); *Knutson v. Reply!, Inc.*, No. 10-CV-1267, 2011 WL 291076, at *2 (S.D. Cal. Jan 27, 2011) ("There is nothing in the complaint that allows the court to infer the calls were randomly generated or impersonal. Accordingly, the Court finds that Plaintiff has failed to state a claim for relief based on the Telephone Consumer Protection Act because he has failed to plead one of the necessary elements."); *Smith v. NCO Fin. Sys., Inc.*, No. 2:14-CV-1650, 2015 WL 2185252, at *1 (E.D. Cal. May 8, 2015) ("[P]laintiff makes the conclusory allegation that the call at issue was placed using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers. Plaintiff alleges no facts supporting this allegation.").[1]

---

[1] *See also Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) ("Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim."); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013) ("Hanley merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a *prima facie* cause of action under the Act, but nothing more. Hanley's complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA."); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of truth.") (*quoting Iqbal*,

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

The *Flores* decision is especially instructive because the plaintiff in that case—represented by the same counsel as Plaintiff in the instant case—filed nearly the same complaint as Plaintiff here. The *Flores* plaintiff alleged that defendant repeatedly sent text messages to his cellular telephone seeking to collect a debt despite plaintiff's requests that defendant stop doing so. 2015 WL 4340020, at *1. Plaintiff further alleged, in conclusory fashion, that defendant used an ATDS to send the messages. *Id*. at *3. In dismissing the TCPA claim with prejudice, the court held that plaintiff did not plead sufficient facts to support his conclusion that defendant had used an ATDS. *Id*. ("Plaintiff's conclusory allegation that Defendant used an ATDS is little more than speculation, and cannot support a claim for relief under the TCPA."). The court emphasized that although plaintiff "need not allege the technical ins-and-outs of Defendant's text messaging system to survive a motion to dismiss[,] . . . Plaintiff must allege *some* indirect facts to suggest that Defendant's system is capable of acting as an ATDS." *Id*. at *6 (emphasis added).

---

supra, 556 U.S. at 678, 680); *Martin v. Direct Wines, Inc.,* No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("It is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS."); *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349, 2014 WL 1155304, at *5-7 (E.D.N.Y. Mar. 21, 2014) (same); *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 13, 2015) ("While Plaintiffs' allegations are consistent with Defendant having used an ATDS, to wit, were *possibly* made with an ATDS, these alleged facts do not suggest beyond the 'speculative level' that Defendant actually used an ATDS and is liable under the TCPA. Absent a plausible inference that Defendant used an ATDS, a necessary element of a TCPA claim, Plaintiff Oliver's claim must be dismissed.") (internal citation omitted); *Brailey*, supra, 2014 WL 7639909, at *7-9 (W.D. La. Dec. 5, 2014) (dismissing TCPA claim due to plaintiff's "failure to allege anything about the call he received to suggest the use of an ATDS"); *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (dismissing TCPA claim because plaintiff failed "to explain the circumstances that suggest Defendant used an automatic calling device"); *Trumper v. GE Capital Retail Bank*, No. 2:14-CV-01211, 2014 WL 7652994 at *2 (D.N.J. July 7, 2014) (dismissing TCPA claim where plaintiff averred "only conclusory allegations that [defendant] placed calls using an automatic telephone dialing system or an artificial or prerecorded voice").

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

The *Flores* court found significant plaintiff's allegation that he had been specifically targeted by defendant's effort to collect a particular debt. The plaintiff argued that the defendant's use of an ATDS was evidenced by the fact that the text messages were "scripted and generic" and did not make any reference to plaintiff by name. *Id*. at *3. But the court found that while the messages did not refer to plaintiff by name, they referred to him indirectly, and they all included the same reference number. *Id*. To the court, this "specific targeting" by defendant demonstrated the implausibility of plaintiff's pleadings, as it suggested that defendant's calls were "anything but 'random.'" *Id*. at *3–4[2] (stating that the plaintiff's own allegations that "Defendant is a debt collector that sent Plaintiff a number of text messages for the purpose of collecting on a specific debt . . . suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS.").

The *Friedman* decision—also driven by the same plaintiff's counsel here—dismissed similar TCPA claims based on the plaintiffs' failure to plead any facts supporting their conclusion that defendant used an ATDS. 2013 WL 3026641, at *2-3. There too, the plaintiffs argued that the text messages at issue were "generic and impersonal," which suggested that an ATDS was used in sending the messages. *Id*. at *2. Yet the court found that, unlike in TCPA cases where courts denied motions to dismiss, plaintiffs failed to allege details sufficient to suggest

---

[2] *See also Daniels v. ComUnity Lending, Inc.,* No. 13CV488–WQH–JMA, 2014 WL 51275, at *7 (S.D. Cal. Jan. 6, 2014), appeal dismissed (Feb. 26, 2014) (dismissing TCPA claim where defendant's "alleged calls to Plaintiffs do not appear to have been 'random,' 47 U.S.C. § 227(a)(1); instead, the calls are alleged to be directed specifically toward Plaintiffs."); *Knutson*, supra, 2011 WL 291076, at *2 (dismissing TCPA claim where "[t]here [was] nothing in the complaint that allow [ed] the court to infer the calls were randomly generated or impersonal"); *Trumper*, supra, 2014 WL 7652994 at *1-2 (plaintiff's allegations that when defendant made calls to plaintiff's cellular telephone, defendant specifically asked for Enid Gonzales regarding her account with defendant, suggested "that the calls were not random" but rather were targeted to plaintiff's number specifically.).

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

that an ATDS was in fact used. *Id*. at *3.[3] Faced with the same conclusory allegations as those asserted by Plaintiff here, the court held that "Plaintiffs [sic] allegations are nothing more than a 'formulaic recitation of the elements of a cause of action,' and do nothing more than assert a speculation." *Id*. at *2 (*quoting Twombly, supra*, 550 U.S. at 555, 570).

### 4. Because Plaintiff has not pled *any* facts to plausibly show that Allied used an automatic telephone dialing system, the complaint should be dismissed under Rule 12(b)(6).

Like in *Flores* and *Friedman*, and the multitude of other cases reaching the same result, Plaintiff's claims should be dismissed for failing to allege any facts to support her conclusory statement that Allied "used an 'automatic telephone dialing system'" to call her. Compl. ¶ 11. At least the plaintiffs in *Flores* and *Freidman* tried to allege some facts supporting their claims that defendants used an ATDS, such as the allegations that the calls were scripted and generic, failed to mention plaintiff by name, and were otherwise impersonal. *Flores*, 2015 WL 4340020, at *3; *Friedman*, 2013 WL 3026641, at *2. Here, Plaintiff does not even do that; she fails to allege a single detail to support her conclusion that Allied used an ATDS. This type of pleading is the quintessential threadbare recital that *Iqbal* condemned.[4]

When examining Plaintiff's complaint it is clear that her TCPA allegations are based on mere speculation, which does not satisfy Rule 8's pleading

---

[3]  *Cf. Connelly v. Hilton Grant Vacations Co., LLC*, No. 12CV599, 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012) (a reasonable inference that defendant used an ATDS could be made where plaintiffs alleged in their complaint that the calls in question had a delay prior to a live person speaking or did not even transfer to a live person at all.)

[4]  None of this is a surprise to Plaintiff's counsel, whose prior TCPA complaints with virtually identical ATDS allegations have been dismissed for the same reasons. For the Court's comparison, the *Flores* and *Friedman* complaints are attached as Exhibits A and B, respectively.

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

requirements. *See Iqbal*, supra, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Flores*, supra, 2015 WL 4340020, at *3 ("Plaintiff's conclusory allegation that Defendant used an ATDS is little more than speculation, and cannot support a claim for relief under the TCPA.") (citing *Huricks v. Shopkick, Inc.*, No. C–14–2464 MMC, 2014 WL 3725344, at *2 (N.D. Cal. July 24, 2014)); *Friedman*, supra, 2013 WL 3026641, at *2 (same).

What's more, the limited facts Plaintiff *does* allege undermines the inference of an ATDS. She admits that Allied's calls were *specifically targeted* for the purposes of collecting *a particular debt* from owed by Plaintiff. Compl. ¶ 10. Plaintiff states that Allied "contacted Plaintiff . . . in an attempt to collect an alleged outstanding debt." *Id*. at ¶ 8. Plaintiff then goes on to state that Allied repeated these same phone calls to the same phone number, seeking to collect on the same *specific debt* believed to be owed by Plaintiff. *Id*. at ¶ 10.

Targeted calls are anything but "random" and contradict the conclusory allegation that Allied used an ATDS. *See Flores*, supra, 2015 WL 4340020, at *5 (allegation that defendant contacted plaintiff for the purpose of collecting on a specific debt demonstrated the calls were not "random" and justified dismissal of plaintiff's TCPA claim); *Smith*, supra, 2015 WL 2185252, at *1 (dismissed TCPA claim based, in part, on plaintiff's allegations that calls were targeted towards plaintiff to collect a specific debt, which "contradict[ed] plaintiff's conclusory allegation" that an ATDS was used); *Daniels*, supra, 2015 WL 541299, at *4, 7 (same).

Because Plaintiff has not pled *any* facts sufficient to raise a plausible inference that Allied used an ATDS, and the few facts she does allege only undermine that conclusion, Plaintiff's TCPA claims should be dismissed for failure to state a claim under Rule 12(b)(6).

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

10

**B.    Alternatively, The Court Should Strike Plaintiff's Class Allegations Because She Pursues A Fail-Safe Class.**

    **1. The Court may strike fail-safe class allegations at the pleading stage under Rule 12(f).**

Rule 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Courts have "considerable discretion in disposing of a Rule 12(f) motion to strike." 5C Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. § 1382 (3d ed. 2015). When faced with a putative class action complaint, courts can use Rule 12(f) to strike class allegations, without first allowing the plaintiff to conduct discovery regarding the Rule 23 class certification requirements, so long as "the 'complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" *Zarichny*, supra, 80 F. Supp. 3d at 615 (*quoting Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 93 n. 30 (3d Cir. 2011)).

One area in which courts have found it appropriate to strike class allegations at the pleading stage under Rule 12(f) is where the plaintiff has improperly attempted to pursue a fail-safe class. *See Dodd*, supra, 2007 WL 420191, at *3 (striking fail-safe TCPA class allegations under Rule 12(f)); *Zarichny*, 80 F.Supp.3d at 625-26 (same); *Panacci v. A1 Solar Power, Inc.*, No. 15–CV–00532–JCS, 2015 WL 3750112, at *8 (N.D. Cal. June 15, 2015) ("A court may strike a class definition, even at the pleading stage, on the basis that the class definition creates a fail-safe class.") (citing *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008)).

A fail-safe class is one where the proposed class definition mirrors the elements of the underlying claim, such that "'whether a person qualifies as a member depends on whether the person has a valid claim.'" *Zarichny*, 80 F. Supp. 3d at 623 (*quoting Messner*, supra, 669 F.3d at 825). While the Ninth Circuit has

11

not yet squarely held that *all* fail safe classes are impermissible, it "has indicated that obvious problems arise when the class itself is defined in a way that precludes membership unless the liability of the defendant is established, including unfairness to the defendant and difficulties determining which individuals should receive the class notice." *Howard v. CVS Caremark Corp.*, No. CV 13-04748, 2014 WL 7877404, at *4 (C.D. Cal. Dec. 9, 2014). By defining the class synonymously with the liability standard, the class cannot be ascertained until the conclusion of the case, when liability is determined. *See Velasquez v. HSBC Fin. Corp.*, No. 08-4592, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009) ("Fail-safe classes are defined by the merits of their legal clams, and are therefore unascertainable prior to a finding of liability in the plaintiffs' favor."); *Newton v. Am. Debt Servs., Inc.*, No. C–11–3228, 2015 WL 3614197, at *5 (N.D. Cal. June 9, 2015) (when class definitions are merits-based "it is impossible to know who is a member of such a class in advance of trial."). "The problem with a [such a] definition is obvious—if the plaintiff wins, the class has an ascertainable number of members, but if the plaintiff loses the class has zero members, and the defendant's victory is hollow because it does not bind anyone." *Id.*

The result is what used to be called the "spurious" class action and what the Supreme Court has recognized as "one-way intervention." *Zarichny*, supra, 80 F. Supp. 3d at 624 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974)). "That is to say, either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims. Class actions are generally binding on absent class members, but such a class impermissibly skirts the bar of *res judicata*." *Id.* at 624. This unfair paradox has lead courts in this circuit to hold that fail-safe classes are impermissible. *See, e.g., Heffelfinger v. Elec. Data Sys. Corp.*, No. CV 07-00101, 2008 WL 8128621, at *10 (C.D. Cal. Jan. 7 2008) (a class definition where "members would be bound only by a favorable judgment to plaintiffs but

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

12

not by an adverse judgment" is impermissible); *Howard*, supra, 2014 WL 7877404, at \*4 (C.D. Cal. Dec. 9, 2014) ("A fail safe class is one that *impermissibly* determines membership based upon a determination of liability.") (emphasis added); *Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 122 (N.D. Cal. Aug. 11, 2014) ("A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class.'") (*quoting Hanni v. Am. Airlines, Inc.*, No. C 08–00732, 2010 WL 289297, at \*9 (N.D. Cal. Jan. 15, 2010)); *Dodd*, supra, 2007 WL 420191, at \*3 (striking fail-safe TCPA class allegations under Rule 12(f)); *Panacci*, supra, 2015 WL 3750112, at \*8 ("A court may strike a class definition, even at the pleading stage, on the basis that the class definition creates a fail-safe class.") (citing *Brazil*, supra, 585 F. Supp. 2d at 1167).

Courts in other circuits have followed the same line of reasoning. *See, e.g., Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) ("[A] class definition is impermissible where it is a 'fail-safe' class, that is, a class that cannot be defined until the case is resolved on its merits."); *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) ("[A]n improper fail-safe class [] shields the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment."); *Messner*, supra, 669 F.3d at 825 ("[A fail-safe] class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.").

The *Zarichny* court determined that fail-safe classes are inconsistent with the threshold requirement that a proposed class be "objectively ascertainable" even before a district court may consider the Rule 23 class-action requirements. 80 F. Supp. 3d at 625 (citing *Shelton v. Bledsoe*, 775 F.3d 554, 559–60 (3d Cir. 2015) (requiring that "the members of a class are identifiable at the moment of

13

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE THE CLASS ALLEGATIONS

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

certification")). Under this standard, a proposed class is impermissible if "class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials' . . ." *Marcus v. BMW of North Am. LLC*, 687 F.3d 583, 593 (3d Cir. 2012).  Fail-safe classes run afoul of a class action's ascertainability requirement because "there is no way to provide notice to [the] putative class without the sort of extensive fact-finding that class actions should avoid," and "at the conclusion of the litigation, should [defendant] prevail against [plaintiff], any other putative class recipient would be free to litigate the same claim against [defendant]." *Zarichny*, 80 F. Supp. 3d at 625-26 (citing Erin L. Geller, *The Fail–Safe Class as an Independent Bar to Class Certification*, 81 Fordham L. Rev. 2769, 2782 (April 2013) ("[F]ail-safe classes [are] one category of classes failing to satisfy the ascertainability requirement.")).

> **2. There is no question that Plaintiff's proposed class definition is impermissibly fail-safe.**

The class proposed by Plaintiff here is fail-safe, as it simply parrots the elements of her TCPA claims:

| Elements of Plaintiff's TCPA Claims | Plaintiff's Proposed Fail-Safe Class |
|---|---|
| (1) The defendant called the plaintiff on a cellular telephone number; | "All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone . . ." (Compl. ¶ 15) |
| (2) Using an "automatic telephone dialing system" or an artificial or prerecorded voice; | ". . . made through the use of any automatic telephone dialing system or prerecorded voice . . ." (Compl. ¶ 15) |
| (3) Without the plaintiff's prior express consent. | ". . . and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint." (Compl. ¶ 15) |

14

Plaintiff's proposed class is substantively identical to the one rejected in *Zarichny*. *See* 80 F. Supp. 3d at 623 (plaintiff proposed TCPA class defined as "those people 'who received one or more telephone calls from [d]efendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system' without prior consent"). There as here, to identify the proposed class members, the Court must determine (1) whether each individual received a call from Allied on his or her cellular telephone; (2) whether the particular call was placed using an automatic telephone dialing system; and (3) whether each person had consented to receiving such call. These are, of course, the very same questions to be answered by the ultimate fact finder at trial, and it therefore would be impossible to identify class members without first resolving the merits of Plaintiff's claims. Plaintiff's proposed fail-safe class is therefore unascertainable and impermissible, and the Court should strike Plaintiff's class allegations under Rule 12(f).

## IV. CONCLUSION

For the foregoing reasons, Allied requests that the Court dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, strike Plaintiff's class allegations pursuant to Rule 12(f).

Respectfully submitted,

Dated: October 7, 2015      **KATTEN MUCHIN ROSENMAN LLP**

By:     /s/Gregory S. Korman
        Attorneys for Defendant Allied
        Interstate, LLC

111971628v1